# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)**  25-1372

**Case Name**  Surgical Instrument Service Company, Inc. v. Intuitive Surgical, Inc.

**Counsel submitting this form**  Richard T. McCaulley

**Represented party/parties**  Surgical Instrument Service Company, Inc.

*Briefly describe the dispute that gave rise to this lawsuit.*

This is an antitrust case. The plaintiff in this case is a company called Surgical Instrument Service Company (or "SIS"), based in Glendale Heights, Illinois. The defendant is a company called Intuitive Surgical, based in Sunnyvale, California. Intuitive invented a device called "da Vinci" which is used by surgeons to perform surgery. The da Vinci allows a surgeon sitting at a console to operate on patients by controlling surgical instruments called EndoWrists, also invented by Intuitive. EndoWrists are attached to mechanical arms suspended above the patient, and inserted into the patient's body through small incisions. As controlled by a surgeon, EndoWrists can perform movements such as cutting, grasping, suturing, and other surgical movements.

SIS works directly with hospitals to provide servicing of surgical instruments ranging from stainless instruments to systems such as surgical video systems and flexible endoscopes. In the spring of 2019, SIS became aware of a company called Rebotix that had a procedure for modifying EndoWrists for the purpose of permitting them to be reused for more than the number of uses specified by Intuitive. SIS began offering the Rebotix service to its customer base in fall of 2019.

SIS alleges that Intuitive's contracts with its customers prevented them from engaging SIS to service hospitals' EndoWrist Instruments, which included resetting the use counter to allow the EndoWrist instruments to be reused for another 10 uses. SIS alleges that Intuitive enforced those contractual restrictions and engaged in other actions in violation of the Sherman Act.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                    1                                    *Rev. 09/01/22*

*Briefly describe the result below and the main issues on appeal.*

After the close of evidence the Court ruled that it would instruct the jury that to prevail on its antitrust claims SIS had to establish the "lock-in" factors enumerated in the Epic v. Apple case, 67 F.4th 946 (9th Cir., 2023). SIS objected to that instruction, and conceded that it could not establish those factors. The Court entered judgment against SIS.
SIS appeals on the basis that the Epic "lock-in" factors are not applicable where there is a lack of competition in the foremarket to discipline practices in the aftermarket.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

None relevant to this appeal.

**Signature** s/Richard McCaulley    **Date** March 10, 2025
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**    *Rev. 09/01/22*

2