No. 25-1372

# United States Court of Appeals for the Ninth Circuit

---

SURGICAL INSTRUMENT SERVICE COMPANY, INC.,

*Plaintiff-ctr-defendant-Appellant,*

– v. –

INTUITIVE SURGICAL, INC.,

*Defendant-ctr-claimant-Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR SAN FRANCISCO, NORTHERN CALIFORNIA

---

**UNOPPOSED MOTION OF ASSOCIATION OF MEDICAL DEVICE REPROCESSORS FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF-CTR-DEFENDANT-APPELLANT SURGICAL INSTRUMENT SERVICE COMPANY, INC.**

---

JENNIFER GROSS
MICHAEL R. GOODMAN
OLSSON FRANK WEEDA TERMAN MATZ PC
*Counsel for Amicus Curiae*
2000 Pennsylvania Avenue NW, Suite 4003
Washington, DC 20006
(202) 789-1212
jgross@ofwlaw.com
mgoodman@ofwlaw.com

Movant Association Of Medical Device Reprocessors hereby requests leave under Federal Rule of Appellate Procedure 29(a)(3) to file an amicus curiae brief in support of Surgical Instrument Service Company, Inc.'s ("SIS") request for this Court to reverse the United States District Court for the Northern District of California's order granting Intuitive Surgical, Inc.'s Rule 50(a) motion and remand this dispute back to the United States District Court for the Northern District of California for a new trial. The brief is attached as an exhibit to this motion. In support of its motion, amicus states as follows:

1. The Association of Medical Device Reprocessors ("AMDR") is the global non-profit trade organization representing the interests of regulated firms that collect, clean, repair, disinfect and/or re-sterilize (among other steps) medical devices marketed by the original equipment manufacturer ("OEM") for "single use." The single use devices ("SUD") that AMDR members reprocess are diverse and include, without limitation, cardiovascular, general surgery, patient monitoring, compression therapy, and orthopedic medical devices.

2. AMDR members' reprocessed devices often compete with OEMs by providing hospitals with a safe and effective reprocessed option. These safe and effective alternatives to OEM devices boost patient access, strengthen the supply chain, cut medical waste and emissions, and significantly lower healthcare costs. A fair marketplace between Medical Device reprocessors and OEMs will

2

provide the highest quality care to patients while helping to bring down the cost of medical care.

3. AMDR respectfully urges this Court to grant SIS's Rule 23(f) petition. Rather than duplicating SIS's arguments, AMDR's brief highlights the serious negative consequences that the District Court's legal error would have for patients and hospitals—including increased costs, reduced access, and compromised safety—as well as the harm it would inflict on the third-party medical device service provider sector, thereby fostering—not hindering—further anti-competitive conduct. Specifically, the District Court improperly required SIS to demonstrate Intuitive's market power in the aftermarket—even though SIS had already alleged supracompetitive conduct in the foremarket—raising the bar beyond longstanding judicial precedent. AMDR's brief draws the Court's attention to the beginning of the district court case, where SIS's allegations were focused solely on supracompetitive

3

conduct in the foremarket. Nevertheless, the District Court improperly required SIS to present evidence of lock-in in the aftermarket, as though the foremarket was presumed to be competitive.

4. Counsel for AMDR requested consent from all named parties to file this amicus curiae brief, and all such parties have given their consent.

        Respectfully submitted,

By: */s/ Jennifer Gross*
JENNIFER GROSS
MICHAEL R. GOODMAN
Olsson Frank Weeda Terman Matz PC
2000 Pennsylvania Avenue NW, Suite 4003
Washington, DC 20006
202.789.1212
jgross@ofwlaw.com
mgoodman@ofwlaw.com

*Counsel for Amicus Curiae*

4