# IN THE UNITED STATES COURT OF
# APPEALS FOR THE NINTH CIRCUIT

———————————————————————

SURGICAL INSTRUMENT
SERVICE CO., INC.,

    *Plaintiff-Appellant,*

  v.

INTUITIVE SURGICAL, INC.,

    *Defendant-Appellee.*

———————————————————————

No. 25-1372

## UNOPPOSED MOTION OF THE FEDERAL TRADE
## COMMISSION TO PARTICIPATE IN ORAL ARGUMENT

On April 12, 2026, this Court set oral argument in this case for June 25, 2026, allocating 20 minutes of argument time per side. Under Federal Rules of Appellate Procedure 27(a)(1) and 29(a)(8), the Federal Trade Commission (FTC) respectfully requests leave to participate in the June 25 oral argument.

The FTC filed an *amicus curiae* brief in support of neither party in this case, but its position on market definition (the sole issue the FTC addressed) is adverse to Intuitive. Accordingly, the FTC requests that it

be granted five minutes of oral argument time (in addition to the time allocated to the parties), and that Intuitive be granted an additional five minutes of response time. Thus, if the motion is granted, the argument times would be as follows: 20 minutes for Surgical Instrument Service Co. (SIS); 5 minutes for the FTC; and 25 minutes for Intuitive. The FTC has notified counsel for SIS and Intuitive of its intent to file this motion and both parties have indicated that they do not oppose the motion.

The FTC believes that its participation at oral argument would be helpful to the Court. As an enforcer of the federal antitrust laws (including the Sherman Act), the FTC has a strong interest in their correct interpretation and application—particularly in cases involving health care markets and where repair restrictions may harm competition. As set forth in its amicus brief, the FTC believes that the district court made a critical legal error in its jury instruction about what SIS must prove to establish the relevant antitrust markets in this case. The FTC seeks leave to participate in oral argument to offer its views of sound market definition principles from its perspective as an

enforcer of the antitrust laws and to address any questions the Court may have.

                                        Respectfully submitted,

                                        LUCAS CROSLOW
                                             *General Counsel*
                                        H. THOMAS BYRON III
                                             *Deputy General Counsel*

April 15, 2026                          */s/ Mariel Goetz*
                                        MARIEL GOETZ
                                             *Attorney*

                                        FEDERAL TRADE COMMISSION
                                        600 Pennsylvania Avenue, N.W
                                        Washington, D.C. 20580
                                        mgoetz@ftc.gov
                                        (202) 326-2763

3

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation on Fed. R. App. P. 27(d)(2)(A) because this motion contains 301 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because the motion has been prepared in Century Schoolbook, 14-point font, using Microsoft Word for Microsoft 365.

April 15, 2026 */s/ Mariel Goetz*
Mariel Goetz